NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

WILSON–CRISSMAN CADILLAC, INC., Respondent.

No. 80–1310.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Lawrence Song, Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for petitioner.

Lawrence F. Raniszeski, Colombo & Colombo, Frederick Colombo, Birmingham, Mich., for respondent.

Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and PECK, Senior Circuit Judge.

## ORDER

This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

The National Labor Relations Board (Board) is applying to the Court under § 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), to enforce its order against Wilson-Crissman Cadillac, Inc. (the Company) issued on August 14, 1979, to bargain with the Union and to furnish the Union with requested information about unit employees. The Company has filed an answer to the application. The Company refused to bargain with the Union based on its contention that the Board improperly overruled the challenge to the ballot of Carl Roehling because he was either a supervisor within the meaning of the Act or a managerial employee and was thus ineligible to vote. The Union filed an unfair labor practice charge with the Board on May 4, 1979. On May 9, 1979 the General Counsel issued a complaint alleging that the Company's refusal to bargain violated Section 8(a)(5) and (1) of the Act. In its answer, the Company admitted its refusal to meet but denied that it violated the Act by so doing in that it maintained a good faith doubt as to the majority status of the Union. On August 14, 1979, the Board issued its decision and order granting the General Counsel's motion for summary judgment and finding that the Company violated Section 8(a)(5) and (1) of the Act by refusing to bargain with the Union. The Board's order requires the Company to cease and desist from refusing to bargain with the Union, and from in any like or related manner interfering with, restraining, or coercing employees in the exercise of their Section 7 rights. Affirmatively, the Board's order requires the Company to bargain with the Union upon request, to embody any agreement reached in a signed agreement, to furnish the Union with the information sought with respect to bargaining unit employees, and to post the appropriate notices.

The standard employed by courts reviewing a Board determination of factual issues is whether its findings are "supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e). Upon review of the record it appears that the Board's finding that Roehling is not a supervisory or a managerial employee within the meaning of the Act is supported by substantial evidence.

Section 2(11) of the Act, 29 U.S. C.A. § 152(11) defines "supervisor" in the following manner:

> The term "supervisor" means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

The exercise of any one of the enumerated powers combined with "independent judgment" is enough to make one a supervisor. *Walla Walla Union Bulletin v. N. L. R. B.*, 631 F.2d 609, 613 (9th Cir. 1980). The Record supports the Board's finding that Roehling does not have the authority to hire or fire. During the short periods that Roehling is "in charge" of the parts department, he performs routine tasks such as ordering parts when the bin is empty and assigning tasks such as sweeping and emptying waste paper. It appears that he has no control over inventory nor does he participate in formulating or determining policies for the employer with regard to labor relations. It has been held that the mere fact that an employee may give some instructions to others, or that he may command their respect, does not indicate that he must identify with the interest of the employer rather than the employees; the test must be the significance of his judgments and directions. *Stop and Shop Companies, Inc., Etc. v. N. L. R. B.*, 548 F.2d 17,

19 (1st Cir. 1977). There is evidence that Roehling had the title "assistant parts manager" however, the specific job title of the employer is not controlling. Courts must examine the employee's actual job responsibility, authority and relationship to management. *Walla Walla Union Bulletin v. N. L. R. B., supra.*

The Supreme Court has defined managerial employees as those who "formulate and effectuate management policies by expressing and making operative the decision of their employer." *N. L. R. B. v. Yeshiva University*, 444 U.S. 672, 682, 100 S.Ct. 856, 862, 63 L.Ed.2d 115 (1979). This Court has held:

> The determination of an employee's managerial status depends upon the extent of his discretion, although even the authority to exercise considerable discretion does not render an employee managerial where his decision must conform to the employer's established policy.

*N. L. R. B. v. Retail Store Emp. U., Local 876*, 570 F.2d 586, 592 (6th Cir.), *cert. denied*, 439 U.S. 819, 99 S.Ct. 81, 58 L.Ed.2d 109 (1978). The record is devoid of any involvement with labor policies by Roehling. His responsibilities are "minor in nature and not tantamount to those of an employee who formulates, determines, and effectuates his employer's policies." *Illinois State Journal-Register, Inc. v. N. L. R. B.*, 412 F.2d 37, 41 (7th Cir. 1969).

This Court has held that the finding of the Board must be sustained if it is supported by substantial evidence on the record considered as a whole. *N. L. R. B. v. Retail Store Emp. U., Local 876*, 570 F.2d at 589. Accordingly, enforcement of the Board's order is granted pursuant to Rule 9(d)3, Rules of the Sixth Circuit, because the questions on which the decision depends are so unsubstantial as not to need further argument.