## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## MEDINA COUNTY PUBLICATIONS, INC., Respondent.

### No. 83–5131.

United States Court of Appeals, Sixth Circuit.

Argued May 4, 1984.

Decided May 29, 1984.

Elliott Moore, Deputy Associate General Counsel, N.L.R.B., Andrew Tranovich, Miriam Szapiro (argued), Washington, D.C., for petitioner.

Martin S. List (argued), Duvin, Flinker & Cahn, Cleveland, Ohio, for respondent.

Before LIVELY, Chief Judge, JONES, Circuit Judge, and TIMBERS, Senior Circuit Judge.*

PER CURIAM.

The National Labor Relations Board (the Board) petitions this Court for enforcement of its order finding that Medina County Publications, Inc. (the Company) refused to recognize and bargain with the Cleveland Typographical Union No. 53, International Typographical Union, AFL–CIO (the Union) in violation of §§ 8(a)(5) and (1) of the National Labor Relations Act (NLRA). On appeal, the company contends that this Court should deny enforcement because the Board erroneously included within the employees' bargaining group sports editor, Steve Dungjen. We agree.

The Company publishes a daily newspaper which serves the area surrounding Medina, Ohio. General Manager Stuart Borden supervises the entire operation, while Managing Editor David McCoy supervises the editors and the photographers. The editorial operation is divided into four sections. The sports section houses three workers, sports editor Dungjen, Assistant

* The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

sports editor Betty Slaybaugh and sports writer Mike Klimko.

As sports editor, Dungjen was responsible for preparing the sports' page by creating assignments, allocating them to Slaybaugh and Klimko and editing their work. He also maintained and entered the time cards of the employees in the sports department.

On one occasion, Dungjen effectively recommended to Managing Editor McCoy that employee Klimko not receive full payment for a day's work. Klimko submitted hours on his time card that reflected work that should have been performed earlier. McCoy without independent investigation or additional advice reduced Klimko's wages. Dungjen also gave the employees in the sports department verbal criticism.

He performs a nearly identical role with respect to the freelance reporters and the photographers. He recruits them, gives them assignments, edits their work, accounts for their time and gives them criticism.

On November 17, 1980, the Union filed a representative petition with the Board, seeking certification as the bargaining representative of the Company's employees. At a representation hearing, the company contended that Dungjen should not be included as an employee within the bargaining unit because he is a supervisor. On March 31, 1981, however, the Regional Director concluded that employee Dungjen should be included within the bargaining unit and directed an election. The Board denied the Company's request for review of its conclusion.

On May 7 and 8, the Board conducted a secret ballot election. The Union received 38 votes in favor of representation and 37 votes opposed to representation. Three ballots were challenged and the Company filed timely objections to the election. The Regional Director conducted an investigation into and heard testimony on the Company's election. The Director then issued a decision in which he overruled all of the Company's objections and certified the Union as the collective bargaining representative of the unit employees.

On June 28, 1982, the Union filed unfair labor practice charges against the Company for its refusal to bargain with the Union in violation of §§ 8(a)(5) and (1) of the NLRA. The Company admitted its refusal to bargain, but contended that the Union was not properly certified. On September 15, 1982, the Board issued its order finding the Company in violation of §§ 8(a)(1) and (5) and ordered the Company to bargain with the Union. The Board now petitions for enforcement of its order.

In reviewing this petition for enforcement, we "accord great respect to the expertise of the Board when its conclusions are rationally based on articulated facts and consistent with the Act." *NLRB v. Yeshiva University*, 444 U.S. 672, 691, 100 S.Ct. 856, 867, 63 L.Ed.2d 115 (1980); citing *Beth Israel Hospital v. NLRB*, 437 U.S. 483, 501, 98 S.Ct. 2463, 2473, 57 L.Ed.2d 370 (1978). We must determine whether the Board's conclusion that Dungjen was an "employee" rather than a "supervisor" is as a matter of law consistent with the NLRA.

Section 2(11) of the Act, 29 U.S.C. § 152(11), defines "supervisor" as one

having authority in the interest of the employer, to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward, or discipline other employees or responsibility to direct them, or to adjust their grievances or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

In *NLRB v. Wilson-Crissman, Inc.*, 659 F.2d 728 (6th Cir.1981), this Court recognized that these indicia of supervisory status are disjunctive. "The exercise of any one of the enumerated powers combined with 'independent business judgment,'" we held in that case, "is enough to make one a supervisor." 659 F.2d at 729; citing *Walla Walla Union Bulletin v. NLRB*, 631 F.2d 609, 613 (9th Cir.1980).

In the case currently before this Court, the Board explicitly found that Dungjen

actually exercised one of the enumerated supervisory powers. According to the Board, "Dungjen effectively recommended on one occasion that employee Klimko not be paid for hours spent on work that he (Dungjen) believed should have already been completed." That effective recommendation was a clear manifestation of Dungjen's supervisory status. The Board made no finding as to whether the exercise of such supervisory authority required "the use of independent judgment". In the absence of any finding, we must consider the record before us to determine whether Dungjen's decision to discipline Klimko required independent judgment. Dungjen's decision was the product of his assessment of Klimko's past performance, his understanding of the nature of the work assigned, his consideration of the timing of completion, his awareness of Klimko's role among all of the sports writers and his balance of alternative disciplinary measures. Managing Editor McCoy moreover adopted Dungjen's decision without investigation or additional consultation. The recommendation of discipline in this case therefore required Dungjen's "independent judgment." We conclude that such judgment, coupled with the authority to exercise one of the enumerated supervisory powers, establishes Dungjen as a "supervisor" under § 152(11).

In its Order, the Board reasons that "this single incident" of discipline was "too isolated to establish Dungjen's status as a supervisor." The Board's reasoning however is, as a matter of Sixth Circuit law, erroneous. In *Ohio Power Co. v. NLRB*, 176 F.2d 385, 388 (6th Cir.), *cert. denied*, 338 U.S. 899, 70 S.Ct. 249, 94 L.Ed. 553 (1949), this Court held that supervisory status "does not require the exercise of power described for all or any definite part of the employee's time." *See also Federal Compress & Warehouse Co. v. NLRB*, 398 F.2d 631 (6th Cir.1968). In *Federal Compress*, we reiterated that the employee is not required

regularly and routinely to exercise the powers set forth in the statute. It is the existence of the power which determines whether an employee is a supervisor.

398 F.2d at 634; citing *Ohio Power*, 176 F.2d at 388. Hence in *Ohio Power* this Court concluded that the Board "erred as a matter of law in considering the test of supervisory duties to be the frequency of their existence." 176 F.2d at 388. In the case before us, as well, the Board erred as a matter of law in finding that Dungjen could not be a supervisor on the basis of his infrequent or isolated exercise of supervisory power. The well-settled law in this Circuit requires the legal conclusion that Dungjen is a "supervisor" within the Act's definition. Because we conclude that the Board erred as a matter of law in including Dungjen as an employee within the bargaining unit, we are unable to enforce its order.

Accordingly, the Petition for Enforcement is hereby DENIED.